**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| TCB Remarketing LLC, | No. CV-20-01826-PHX-MTM |
| Plaintiff, | **ORDER** |
| v. | |
| Metro Auto Auction LLC, | |
| Defendant/Third-Party Plaintiff, | |
| v. | |
| Armand Verdone, Jr., and Verdone Motors, LLC, | |
| Third-Party Defendants. | |

Before the Court are Third-Party Plaintiff Metro Auto Auction LLC's ("Metro Auto") Motion for Default Judgment (doc. 65) and Third-Party Defendants Armand Verdone, Jr. and Verdone Motors, LLC's ("Verdone") Motion to Set Aside Default (doc. 75). Metro Auto requests that the Court award a default judgment against Verdone for failure to file a timely response to Metro Auto's Third-Party Complaint (doc. 22), while Verdone requests that this Court set aside the Clerk of Court's Entry of Default (*see* docs. 30, 31) pursuant to Rule 55(c) of the Federal Rules of Civil Procedure.[1] For the reasons provided below, the Court grants Verdone's Motion to Set Aside the Clerk of Court's entry of default and denies Metro Auto's Motion for Default Judgment.

---

[1] This case originated in the Eastern District of Michigan, where the Clerk of Court entered default against Verdone on July 10, 2020.

## I. Background.

Plaintiff TCB Remarketing LLC ("TCB") initially filed suit against Metro Auto in the Eastern District of Michigan on March 9, 2020. (Doc. 1). Metro Auto filed a Third-Party Complaint (doc. 22) against Verdone on June 1, 2020. On July 10, 2020, Metro Auto requested the Clerk of Court for the Eastern District of Michigan enter default against both Armand Verdone, Jr. and Verdone Motors, LLC. (Docs. 28, 29). The Clerk of Court entered default against both defendants on the same day. (Docs. 30, 31).

On September 22, 2020, this action was transferred to the District of Arizona pursuant to 28 U.S.C. § 1631.[2] *See TCB Remarketing, LLC v. Metro Auto Auction, LLC*, No. 20-10626, 2020 WL 5548385 (E.D. Mich. Sept. 16, 2020). This Court ordered Metro Auto to re-serve Verdone now that the case had been transferred to the District of Arizona. (Doc. 51). Service was completed on November 13, 2020. (Doc. 52). On May 17, 2021, Metro Auto filed the instant Motion for Default Judgment (doc. 65), as Verdone failed to respond to service of the Court's November 12, 2020 Order.

On June 7, 2021, Verdone filed the instant Motion to Set Aside Default (doc. 75). The parties fully briefed the Motion for Default Judgment (docs. 65, 74, 88) and the Motion to Set Aside Default (docs. 75, 89, 90).

## II. Motion to Set Aside Default.

A court may set aside an entry of default "for good cause." Fed. R. Civ. P. 55(c). The Court must consider whether the party seeking to set aside the entry of default "engaged in culpable conduct that led to the default," whether the moving party has a "meritorious defense," and whether setting aside the entry of default "would prejudice the other party." *United States v. Signed Personal Check No. 730 of Yubran S. Mesle*, 615 F.3d 1085, 1091 (9th Cir. 2010) (internal citations omitted). The moving party must satisfy all three conditions for the Court to set aside an entry of default. *Id.* "[J]udgment by default is a drastic step appropriate only in extreme circumstances; a case should, whenever possible, be decided on the merits." *Id.*

---

[2] All three parties in this action consent to the jurisdiction of the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). (Docs. 47, 48, 85).

### A. Culpable Conduct.

Verdone did not engage in culpable conduct under Rule 55(c). A party engages in culpable conduct when the party "has received actual or constructive notice of the filing of the action and intentionally failed to answer." *Mesle*, 615 F.3d at 1092 (internal citations omitted). "A conscious choice not to answer" does not suffice to establish intentionality under Rule 55(c); the movant is required to have acted in bad faith for their conduct to be considered culpable. *Id*.

*Mesle* is instructive. In *Mesle*, the defaulting party, a pro se litigant, thought that he had an active administrative proceeding with the United States Customs and Border Protection at the same time as a federal district court case was pending. The plaintiff chose not to answer the claim filed by the government in district court, not realizing that the manner in which he filled out the forms provided by Customs actually terminated his administrative proceeding. *Mesle*, 615 F.3d at 1090. The Ninth Circuit concluded the plaintiff's conscious choice not to answer the complaint in federal district court did not establish culpable conduct under Rule 55(c), because the plaintiff was unrepresented and would have appeared to defend the federal action in a timely fashion had he understood the procedural status of his administrative and judicial cases.

The Court concludes similar facts are present in this case. Verdone argues that the choice not to respond to the Third-Party Complaint was rooted in the belief that a civil case could not proceed until criminal proceedings related to the civil action were concluded. (Doc. 75 at 12-13).[3] Although rooted in an inaccurate understanding of the law, Verdone's conscious choice not to respond to the Third-Party Complaint in this case does not rise to the level of culpable conduct under Rule 55(c).

//

---

[3] Verdone also notes that, even though Armond Verdone, Jr. may have been able to appear on his own behalf, as a pro se litigant, he could not appear on behalf of Verdone Motors, LLC. (Doc. 75 at 12 n.6, citing *Wine Group LLC v. Oak Creek Vineyards & Winery Inc.*, No. CV-08-8069-PCT-PGR, 2008 WL 2522771 (D. Ariz. June 30, 2008)). Verdone is correct. *Rowland v. Cal. Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 201-02 (1993) ("It has been the law for the better part of two centuries, for example, that a corporation may appear in the federal courts only through licensed counsel.").

1 Metro Auto argues that Verdone was informed multiple times of the need to respond to this action and affirmatively chose not to do so. (Doc. 89 at 4). However, the Court is mindful of the background rule in *Mesle* that upholding an entry of default when the defaulting party ultimately appears is reserved for "extreme circumstances." *Id*. at 1091. Although Metro Auto is correct that Verdone was litigating a state court case at the time this action was pending (*see* doc. 89-1, Ex. A at 2) and could have responded in a timely fashion, Metro Auto does not demonstrate that Verdone failed to answer in order "to take advantage of the opposing party, interfere with judicial decision making, or otherwise manipulate the legal process." *Id.* at 1093, citing *TCI Group Life Ins. Plan v. Knoebber*, 244 F.3d 691, 697 (9th Cir. 2001), *overruled on other grounds*, *Egelhoff v. Egelhoff ex. rel. Breiner*, 532 U.S. 141 (2001).

**B. Meritorious Defense.**

The Court concludes Verdone may raise a meritorious defense to the claims in the Third-Party Complaint. At this stage, the burden of proof "is not extraordinarily heavy." *Mesle*, 615 F.3d at 1094 (internal citations omitted). The moving party must only allege "sufficient facts that, if true, would constitute a defense." *Id*.

Verdone has made such a showing. Verdone denies ever having possession of any of the vehicles at issue in this action (doc. 76 at 5), and further argues that the vehicles were purchased from Metro Auto by Verdone instead. (Doc. 75 at 9). As an additional example, Verdone points to Arizona caselaw that suggests that a claim for implied indemnity fails where a contract has an express indemnity clause, which allegedly addresses one of Metro Auto's causes of action. (Doc. 75 at 10, citing *Schweber Elecs v. Nat'l Semiconductor Corp.*, 850 P.2d 119 (Ariz. Ct. App. 1992)). Whether Verdone prevails in this action is a question for another day. For now, it is sufficient that Verdone possesses substantive arguments against the claims in the Third-Party Complaint.

Metro Auto argues that Verdone has failed to adduce sufficient factual evidence to establish a meritorious defense to the claims of the Third-Party Complaint. (Doc. 89 at 5). Although the standard requires "specific facts that would constitute a defense" to set

aside entry of default, *TCI Group Life Ins. Plan*, 244 F.3d at 700, the Court does not apply this standard rigorously; the point of this prong of the analysis is to ensure that the non-moving party is not frivolously attempting to delay an inevitable imposition of judgment. Where the pleadings indicate that the non-moving party has colorable arguments that support further litigation of the case, this standard is met. *FOC Financial*, 612 F. Supp. 2d at 1084.

### C. Prejudice.

Metro Auto would not be prejudiced by setting aside the entry of default. Merely being forced to litigate a case on the merits rather than obtaining a default judgment does not constitute "prejudice" under Rule 55(c). *FOC Fin. Ltd. Partnership v. Nat'l City Comm. Capital Corp.*, 612 F. Supp. 2d 1080, 1084 (D. Ariz. 2009) (internal citations omitted). The standard focusses only on whether the non-moving party's ability to litigate the case would be hindered. *Id*.

There is no evidence that Metro Auto's ability to continue litigating this case is hindered by setting aside the entry of default; Metro Auto argues only that "the parties will be forced to revisit much of what has already been completed while the Verdone Parties wreak havoc on discovery, the Court's scheduling order, and the compliant parties' work in preparing for trial." (Doc. 89 at 6). However, the prejudice prong focuses principally on whether discoverable evidence that would have been available at the time the moving party was supposed to participate in the action is still available. *See Francois & Co., LLC v. Nadeau*, 334 F.R.D. 588, 599 (C.D. Cal. 2020).

Although Metro Auto may be required to "revisit" discovery previously completed by TCB and Metro Auto, nothing suggests Metro Auto has lost an opportunity to obtain discoverable evidence it would have had if Verdone had appeared at the appropriate time. As a result, the Court concludes Metro Auto would not be prejudiced by setting aside the entry of default.

### III. Motion for Default Judgment.

Because the Court grants Verdone's motion, Verdone is no longer in default.

Accordingly, Metro Auto's Motion for Default Judgment may be denied. *See FOC Financial*, 612 F. Supp. 2d at 1085.

**IT IS ORDERED:**

(1) Metro Auto's Motion for Default Judgment (doc. 65) is **denied**.

(2) Armond Verdone, Jr. and Verdone Motors, LLC's Motion to Set Aside Entry of Default (doc. 75) is **granted**. The Clerk of Court is directed to set aside the Entry of Default as to both Armond Verdone, Jr. and Verdone Motors, LLC. (Docs. 30, 31).

Dated this 7th day of July, 2021.

Honorable Michael T. Morrissey
United States Magistrate Judge