**WO**

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| TCB Remarketing LLC, | No. CV-20-01826-PHX-MTM |
| Plaintiff, | **ORDER** |
| v. | |
| Metro Auto Auction LLC, | |
| Defendant. | |

Pending before the Court is Plaintiff TCB Remarketing, LLC's Motion to Sever Pursuant to Federal Rule of Civil Procedure 21 or, alternatively, Motion to Bifurcate Pursuant to Federal Rule of Civil Procedure 42(b) ("Motion to Bifurcate"). Doc. 180. The Court has considered the Motion to Bifurcate (doc. 180), Defendant/Third-Party Plaintiff Metro Auto Auction, LLC's Response (doc. 183), and Third-Party Defendants Armond Verdone, Jr., and Verdone Motors, LLCs' Response (doc. 184). For the following reasons, Plaintiff TCB Remarketing, LLC's Motion to Bifurcate (doc. 180) is granted.

## I.     BACKGROUND

On March 9, 2020, Plaintiff TCB Remarketing, LLC ("TCB") filed suit against Defendant/Third-Party Plaintiff Metro Auto Auction, LLC ("Metro Auto") in the United States District Court for the Eastern District of Michigan for breach of contract, breach of bailment agreement, breach of fiduciary duty, unjust enrichment, and conversion, seeking both compensatory and punitive damages. Doc. 1 at 6-10. Defendant/Third-Party Plaintiff Metro Auto then filed a Third-Party Complaint against Third-Party Defendants Armond

Verdone, Jr., and Verdone Motors, LLC ("Verdone") for implied indemnity, intentional misrepresentation, and contractual indemnity. Doc. 22 at 8-12. In September 2020, the action was transferred to this Court. Doc. 39.

On September 28, 2022, this Court granted Defendant/Third-Party Plaintiff Metro Auto's Motion for Summary Judgment (doc. 107) as to Plaintiff TCB's claim for breach of bailment agreement and as to nine of the vehicles in Plaintiff TCB's claim for unjust enrichment. Doc. 136. This Court also granted Third-Party Defendant Verdone's Motion for Summary Judgment (doc. 104) as to Defendant/Third-Party Plaintiff Metro Auto's claim for implied indemnity but denied summary judgment as to Defendant/Third-Party Plaintiff Metro Auto's claims for contractual indemnity and intentional misrepresentation. Doc. 136.

On March 2, 2023, the Court set this matter for a jury trial to be held June 5, 2023, through June 14, 2023. Doc. 172. On March 17, 2023, Plaintiff TCB filed the Motion to Bifurcate. Doc. 180. Defendant/Third-Party Plaintiff Metro Auto opposes the Motion to Bifurcate. Doc. 183. Third-Party Defendant Verdone takes no position on the Motion to Bifurcate. Doc. 184.

## II.     LEGAL STANDARDS AND ANALYSIS

### A.  Rule 21 – Severance of Third-Party Claim

Plaintiff TCB first asks the Court to sever Defendant/Third-Party Plaintiff Metro Auto's third-party claims against Third-Party Defendant Verdone. Doc. 180 at 1-5. Rule 21 allows courts to "sever any claim against a party." Fed. R. Civ. P. 21. District courts retain "broad discretion" to sever an action. *Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1297 (9th Cir. 2000). Severance under Rule 21 is a remedy for the improper joinder of parties. *Visendi v. Bank of Am., N.A.*, 733 F.3d 863, 870-71 (9th Cir. 2013) (noting that severance under Rule 21 is the appropriate remedy for the misjoinder of a party); *Golden Scorpio Corp. v. Steel Horse Bar & Grill*, 596 F. Supp. 2d 1282, 1285-86 (D. Ariz. 2009) ("Federal Rule of Civil Procedure 21 addresses misjoinder of parties and allows the Court . . . to sever an action to address improper joinder."); 7C Wright & Miller, Federal Practice

& Procedure § 1683 (3d ed.) ("As its caption indicates, Rule 21 is a mechanism for remedying either the misjoinder or nonjoinder of parties.").

Plaintiff TCB does not argue that Third-Party Verdone was improperly joined. Doc. 180. Rather, Plaintiff TCB argues that severance is appropriate because: (1) Defendant/Third-Party Plaintiff Metro Auto's third-party claims against Third-Party Defendant Verdone "over secondary liability threatens to become a more predominant issue than [Plaintiff TCB's claims against Defendant/Third-Party Plaintiff Metro Auto] over primary liability"; (2) the likelihood of prejudice to Plaintiff TCB if the third-party claims are not severed; and (3) severing the third-party claims will save the Court's time and judicial resources. Doc. 180 at 3-5. Accordingly, Plaintiff's request for severance under Rule 21 is denied. *See Visendi*, 733 F.3d at 870-71.

## B. Rule 42- Separate Trials

Plaintiff TCB alternatively seeks a separate trial for Defendant/Third-Party Plaintiff Metro Auto's third-party claims against Third-Party Defendant Verdone. Doc. 180 at 5-8. "For convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues, claims, crossclaims, counterclaims, or third-party claims." Fed. R. Civ. P. 42(b). Whether to order separate trials is committed to the district court's sound discretion. *See Hangarter v. Provident Life & Acc. Ins. Co.*, 373 F.3d 998, 1021 (9th Cir. 2004). Rule 42(b) permits, but does not mandate, separate trials to avoid prejudice or inconvenience. *Id.* The moving party must show that separate trials will "promote judicial economy and avoid inconvenience or prejudice to the parties." *Spectra-Physics Lasers, Inc. v. Uniphase Corp.*, 144 F.R.D. 99, 101 (N.D. Cal. 1992).

Plaintiff TCB maintains that separate trials are desirable because: (1) "[the] third-party claims against [Third-Party Defendant Verdone] are entirely contingent on a finding against [Defendant/Third-Party Plaintiff Metro Auto], the trial involving [Defendant/Third-Party Plaintiff Metro Auto and Third-Party Defendant Verdone] may not even be necessary, depending on the outcome of the trial involving [Plaintiff TCB and Defendant/Third-Party Plaintiff Metro Auto]; (2) bifurcated trials will save the Court's

1   time and judicial resources; and (3) bifurcated trials "will eliminate the . . . potential

2   prejudice to [Plaintiff TCB] by removing the very real risk that Defendant/Third-Party

3   Plaintiff will attempt to shift responsibility away from itself and blame the [Third-Party

4   Defendant Verdone] for [Plaintiff TCB's] losses." Doc. 108 at 6-8.

5            Defendant/Third-Party Plaintiff Metro Auto argues that bifurcation of its third-party

6   claims against Third-Party Defendant "would do nothing to further convenience, avoid

7   prejudice or promote judicial economy." Doc. 183 at 4. Defendant/Third-Party Plaintiff

8   Metro Auto further argues that its third-party claim for intentional misrepresentation is not

9   contingent upon the outcome of the trial between it and Plaintiff TCB. Doc. 183 at 6.

10  Therefore, Defendant/Third-Party Plaintiff Metro Auto argues that a consolidated trial will

11  promote judicial economy by reducing the need to "duplicat[e] [the] efforts on the part of

12  Defendant." Doc. 183 at 6. The Court does not agree.

13           "Rule 42(b) . . . confers broad discretion upon the district court to bifurcate a trial,

14  thereby deferring costly and possibly unnecessary proceedings pending resolution of

15  potentially dispositive preliminary issues." *Zivkovic v. S. California Edison Co.*, 302 F.3d

16  1080, 1088 (9th Cir. 2002); *see also Jinro Am. Inc. v. Secure Invs., Inc.*, 266 F.3d 993, 998

17  (9th Cir. 2001).

18           Here, separate trials under Rule 42(b) are appropriate because the final resolution

19  of Plaintiff TCB's claims against Defendant/Third-Party Plaintiff Metro Auto affect the

20  resolution of Defendant/Third-Party Plaintiff Metro Auto's third-party claims for

21  indemnity and intentional misrepresentation. *See Zivkovic*, 302 F.3d at 1080.

22           Because "there can be no indemnity without liability," *Helferich Pat. Licensing*,

23  *LLC v. Legacy Partners, LLC*, 917 F. Supp. 2d 985, 992 (D. Ariz. 2013), separate trials

24  could greatly expedite resolution of the case because, if it is determined that

25  Defendant/Third-Party Plaintiff Metro Auto is not liable to Plaintiff TCB, there will be no

26  need for a second trial regarding indemnity. *See Corvello v. New England Gas Co.*, 247

27  F.R.D. 282, 285 (D.R.I. 2008) (bifurcating liability and indemnity claims). Even if

28  Defendant/Third-Party Plaintiff Metro Auto is found liable, such a finding could facilitate

1    settlement by eliminating much of the uncertainty with respect to Defendant/Third-Party
2    Plaintiff Metro Auto's liability. The bifurcation of issues of liability and indemnity is a
3    consistent practice of federals courts. *See, e.g., Corvello*, 247 F.R.D. at 285; *Beights v. W.*
4    *R. Grace & Co.*, 67 F.R.D. 81, 85-86 (W.D. Okla. 1975); *Gabriel v. Cnty. of Herkimer*,
5    889 F. Supp. 2d 374, 396 (N.D.N.Y. 2012); *Kosters v. Seven-Up Co.*, 595 F.2d 347, 355-
6    56 (6th Cir. 1979); *Miller v. New Jersey Transit Auth. Rail Operations*, 160 F.R.D. 37, 41
7    (D.N.J. 1995).

8         Additionally, the Court is not persuaded by Defendant/Third-Party Plaintiff Metro
9    Auto's argument that its claim for intentional misrepresentation is not dependent upon the
10   outcome of its case with Plaintiff TCB. Doc. 183 at 6.

11        Defendant/Third-Party Plaintiff Metro Auto's Third-Party Complaint alleges that,
12   "to the extent Plaintiff TCB can prove it owned the Subject Vehicles and was entitled to
13   payment from Metro Auto for the sale of the same . . . [Third-Party Defendant Verdone's]
14   representation concerning the ownership of the Subject Vehicles was false." Doc. 22 at 9.
15   Defendant/Third-Party Plaintiff Metro Auto further alleges the "misrepresentation was
16   material, such that it was sufficiently important to influence Metro Auto's actions, and
17   indeed did influence Metro Auto's decision to remit the proceeds for 9 of the Subject
18   Vehicles to Verdone Motors and to apply the proceeds for 5 of the Subject Vehicles to debt
19   owed by Verdone Motors and/or Mr. Verdone to Metro Auto." Doc. 22 at 9.

20        Accordingly, by Defendant/Third-Party Plaintiff Metro Auto's own admission, its
21   third-party claim for intentional misrepresentation is dependent upon the outcome of its
22   case with Plaintiff TCB. Doc. 22 at 9. Moreover, such conclusion is consistent with
23   Arizona law as a claim for intentional misrepresentation must allege, among other
24   elements, the claimant's reasonable reliance on the misrepresentation and the claimant's
25   consequent and proximate injury. *See Wagner v. Casteel*, 136 Ariz. 29, 31 (Ct. App. 1983);
26   *Frazer v. Millennium Bank, N.A.*, No. 2:10-CV-01509 JWS, 2010 WL 4579799, at *3 (D.
27   Ariz. Oct. 29, 2010). Therefore, if Defendant/Third-Party Plaintiff Metro Auto is not found
28   liable to Plaintiff TCB, Defendant/Third-Party Plaintiff Metro Auto will not be able to state

a claim against Third-Party Defendant Verdone because it will not be able to establish detrimental reliance.

The Court finds that bifurcation is appropriate here given its potential to save litigation costs, time, and judicial resources. The need for the presentation of evidence of indemnity and intentional misrepresentation may be eliminated if the issues of liability and indemnification/intentional misrepresentation are tried separately. Accordingly, the Court exercises its discretion under Fed. R. Civ. P. 42 to grant the Motion to Bifurcate. Doc. 180.

**IT IS ORDERED:**

1. Plaintiff TCB's Motion to Sever (doc. 180) under Rule 21 is **denied**. Plaintiff TCB's Motion to Bifurcate (doc. 180) under Rule 42(b) is **granted**.
2. The Trial set for June 5, 2023, will involve only Plaintiff TCB's claims against Defendant Metro Auto. Defendant Metro Auto's third-party claims against Third-Party Defendant Verdone will be tried at a later date, if necessary.

Dated this 13th day of April, 2023.

Honorable Michael T. Morrissey
United States Magistrate Judge