**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| TCB Remarketing LLC, | No. CV-20-01826-PHX-MTM |
| Plaintiff, | **SUPPLEMENTAL ORDER** |
| v. | |
| Metro Auto Auction LLC, | |
| Defendant. | |

The Court issues the following supplemental order in accordance with the Court's order dated May 18, 2023, denying Defendant's Motion to Continue Trial, Reopen Discovery, and For Discovery Sanctions (doc. 204), and the Court's order dated May 29, 2023, denying Defendant's Motion for Reconsideration (doc. 211).

**I.   BACKGROUND AND PROCEDURAL HISTORY**

On March 9, 2020, Plaintiff TCB Remarketing, LLC ("TCB") filed suit against Defendant Metro Auto Auction, LLC ("Metro Auto") alleging claims of breach of contract, breach of bailment agreement, breach of fiduciary duty, unjust enrichment, and conversion. Doc. 1. Plaintiff TCB is a wholesale automobile dealer that purchases and resells automobiles. Doc. 197 at 2. Defendant Metro Auto is an auto auctioneer in Phoenix. *Id*. On June 1, 2020. Metro Auto filed a third-party complaint against Armond Verdone, Jr., and Verdone Motors, LLC (collectively, "Verdone") for implied indemnity, intentional misrepresentation, and contractual indemnity. Doc. 22 at 8-12. Verdone is a wholesale automobile dealer. Doc. 197 at 3.

The claims arise out of a transaction involving fourteen vehicles with a collective value of approximately $584,000.00. Doc. 1 at 4, 8. Between December 2018 and January 2019, the fourteen vehicles were shipped to Metro Auto. Doc. 197 at 3. Verdone sold the vehicles to third parties through a sale processed by Metro Auto. *Id*. Metro Auto received the payment from the third-party buyers. *Id*. Metro Auto sent to Verdone the proceeds from nine of the fourteen vehicles and applied the proceeds from the remaining five vehicles toward Verdone's outstanding debt with Metro Auto. *Id*.

The parties disagree as to the contractual agreements which preceded the sale of the vehicles and to whom the sale proceeds should have been sent. TCB alleges that as evidenced by an established course of dealing with Metro Auto, TCB transported the vehicles for Metro Auto to facilitate a sale of the vehicles to Verdone and Metro Auto was obligated to remit the sale proceeds to TCB. *Id*. at 14-20. In contrast, Metro Auto contends TCB arranged a private sale of the vehicles to Verdone and thus Metro Auto was obligated to send the proceeds to Verdone directly. *Id*.

On September 28, 2022, the Court granted in part and denied in part Metro Auto's Motion for Summary Judgment. Doc. 136. The Court granted summary judgment to Metro Auto as to TCB's claim for breach of bailment agreement and for unjust enrichment as to nine of the fourteen vehicles. *Id*. at 18. Summary judgment was denied as to TCB's remaining claims of breach of contract, breach of fiduciary duty, unjust enrichment as to five of the fourteen vehicles, and conversion. *Id*. The Court also granted TCB's Motion for Partial Summary Judgment as to Metro Auto's affirmative defenses raised in the Answer. *Id*. The Court granted in part and denied in part Verdone's Motion for Summary Judgment. *Id*. at 19.

On March 2, 2023, the Court set a Jury Trial to begin June 5, 2023. Doc. 172. On April 13, 2023, the Court granted TCB's Motion to Bifurcate and ordered the Trial will involve only TCB's claims as to Metro Auto and will not involve Metro Auto's claims against Verdone. Doc. 185.

On May 11, 2023, Metro Auto filed a Motion to Continue Trial, Reopen Discovery,

and For Discovery Sanctions. Doc. 196. Plaintiff TCB filed a Response in Opposition of the Motion. Doc. 202. On May 18, 2023, the Court held hearing on the Motion. Doc. 203. At the hearing, Metro Auto withdrew its Motion for Sanctions. Doc. 204. On May 18, 2023, the Court denied the Motion with a supplemental order to follow. Doc. 204. On May 25, 2023, Defendant filed a Motion for Reconsideration. Doc. 207. On May 29, 2023, the Court denied the Motion for Reconsideration with a supplemental order to follow. Doc. 211.

## II.  MOTION TO CONTINUE AND REOPEN DISCOVERY

On May 5, 2023, Metro Auto moved to continue the Trial set for June 5, 2023. Doc. 196. Metro Auto sought a continuance of trial to review recently disclosed discovery. *Id*. On May 4, 2023, TCB produced roughly 7,100 text messages from a cellphone owned by Johnny Cooper, the owner and manager of TCB. Doc. 196 at 5.

The parties agree that the text messages are relevant but could not be produced because, until recently, Cooper's cellphone was in the custody of federal law enforcement. Docs. 196 at 3; 202 at 3. The parties avow the cellphone was seized by federal authorities in Michigan in 2019 and was then in the custody of the Arizona Attorney General's Office, pursuant to a criminal investigation against Armand Verdone, until April 28, 2023. Doc. 196 at 4.

The production of the cellphone records was the subject of a discovery dispute in mid-2021, and the issue was not raised again until March 2023, just three months prior to the date the trial is set to begin. Metro Auto first requested production of any communications between Cooper and the relevant parties on July 1, 2020. Doc. 196 at 3. On May 3, 2021, Metro Auto sent TCB a letter requesting production of text messages Cooper identified in his deposition on March 11, 2021. Doc. 196 at 3, 60-64. On May 18, 2021, TCB informed Metro Auto that production of the text messages was not possible because Cooper's cellphone had been seized pursuant to a federal search warrant. Doc. 196 at 66-67. The text messages were the subject of a discovery dispute and on June 17, 2021, a hearing was held. Doc. 87. The Court ordered TCB to produce the text messages in its possession or file a status report with the Court advising the Court of its efforts to obtain

the cellphone. Doc. 87 at 10. TCB did not file the status report and the issue was not raised again for nearly two years, until a pretrial conference on March 2, 2023. Docs. 172; 178. At the conference, the Court ordered TCB to file a status report on TCB's efforts to obtain the cellphone. Doc. 172. On March 7, 2023, TCB filed the status report. Doc. 176. On April 28, 2023, a pre-trial conference was held, and Plaintiff's counsel informed the Court the cellphone would be obtained later that day. Doc. 188. On May 4, 2023, TCB produced summaries of the text messages and on May 12, 2023, TCB produced the roughly 7,100 text messages and corresponding metadata. Docs. 196 at 5; 207 at 2.

In the Motion to Continue, Metro Auto requested a 90-day continuance to review the text messages and requested the Court reopen discovery "for the limited purpose of exploration of the text messages . . . [including] depositions, subpoenas, and written discovery surrounding the information contained in the text messages." Doc. 196 at 2.

### A.     Motion to Continue

The Court retains "broad discretion" in deciding whether to grant a continuance. *United States v. Kloehn*, 620 F.3d 1122, 1126 (9th Cir. 2010). Although such a decision is made on a case-by-case inquiry and there is no mechanical test to apply, the Ninth Circuit is guided by the following four-factor inquiry: (1) whether the movant was diligent or whether the request appears to be a delaying tactic; (2) the usefulness of the continuance; (3) the extent to which granting the continuance would inconvenience the court and the opposing party; and (4) whether the moving party will suffer prejudice if the motion is denied. *Id*. at 1127 (citing *United States v. Flynt*, 756 F.2d 1352, 1358 (9th Cir. 1985)). Although the factors must be taken together in deciding a motion to continue, "in order to succeed[,] the [movant] must show some prejudice resulting from the court's denial" of the motion to continue. *Armant v. Marquez*, 772 F.2d 552, 556–57 (9th Cir. 1985) (citation omitted); *see also Martel v. County of Los Angeles*, 56 F.3d 993, 995 (9th Cir. 1995) ("[A] showing of prejudice is necessary to obtain reversals of decisions on continuance motions in both civil and criminal contexts.").

        *i.*      *Diligence*

This factor favors denial of Metro Auto's Motion (doc. 196). The diligence inquiry relates to whether the movant was diligent in its efforts to ready its case prior to the date set for trial. *See Flynt*, 756 F.2d at 1359 ("First, we consider the extent of appellant's diligence in his efforts to ready his defense prior to the date set for hearing."); *see also United States v. Gross*, 424 F. Supp. 3d 800, 804 (C.D. Cal. 2019) (declining to continue trial where the defendant asserted that he was "hampered by the volume of data . . . and the many errors in data formatting" because the defendant had spent little time reviewing the documents and had not been diligent in asking the government for assistance).

Metro Auto contends its case will be prejudiced because of the limited time remaining before trial to review the text messages disclosed on May 4, 2023.[1] Yet, Metro Auto could have raised this issue sooner and failed to do so until just three months prior to the start of Trial. The Court held a hearing on the discovery dispute on June 17, 2021. Doc. 87. Over the next two years of litigation, the parties conducted discovery (docs. 83, 91, 94, 96, 97, 98), filed motions for summary judgment (docs. 99, 107) and filed statements indicated trial readiness (docs. 139, 142, 147), including a proposed pretrial order (doc. 159), and the disclosure of the text messages was not raised until the final pretrial conference on March 2, 2023. Docs. 172; 178. Metro Auto has not shown diligence in pursuing the disclosure of the text messages. *See Flynt*, 756 F.2d at 1359; *Gross*, 424 F. Supp. 3d at 804.

        *ii.*    *Usefulness of Continuance*

The Court does not give much weight to this factor. While the Court notes that additional time may be useful for Metro Auto to review the disclosed text messages, as explained below, the Court finds Metro Auto should have adequate time to prepare for trial.

        *iii.*    *Inconvenience*

This factor weighs slightly against granting a continuance. In the Response, noting the "value of the Subject Vehicles is less than $600,000," TCB contends it "has expended

---

[1] Metro Auto also argues the disclosure on May 4, 2023, was not complete, but as Metro Auto acknowledges in its Motion for Reconsideration, the full requested disclosure was made on May 14, 2023. Doc. 207 at 2.

- 5 -

1 legal fees in preparing for trial" and a "continuance would necessarily involve a substantial duplication of efforts and increased expense." Doc. 202 at 11. The Court finds delaying trial would cause expense and duplicative effort on the part of Plaintiff and this inconvenience, in combination with the other factors, weighs against granting the continuance.

        *iv.*    *Prejudice*

"[T]he focus of [the] prejudice inquiry is the extent to which the aggrieved party's right to present" its case may be affected. *Kloehn*, 620 F.3d at 1128 (internal quotation marks and citation omitted); *see also Martel*, 56 F.3d at 995 ("Prejudice is measured in terms of the outcome of the trial . . . .").

Metro Auto attached as an exhibit to the Motion for Reconsideration (doc. 207) a chart containing every text message at issue. The chart covers 443 pages. Doc. 207-1. Although reviewing the messages will add a certain time pressure, Metro Auto has not explained, and it is not evident to the Court, why a 90-day continuance is necessary to review the messages. Metro Auto should have adequate time to prepare any proposed exhibits for trial.

Metro argues the additional time is justified by the possibility that additional discovery may be needed. Metro Auto argues it will "likely need to re-depose prior witnesses on the contents of the text messages, issue additional subpoenas, and potentially depose newly revealed witnesses." Doc. 196 at 10. Metro has not explained with any specificity the need to re-depose any witnesses or identified what new witnesses would need to be deposed. Although a subset of the text messages may be relevant, Metro Auto has to show more than a hypothetical possibility of a need for additional discovery.

**B.**    **Motion to Reopen Discovery**

In assessing whether a motion to reopen discovery should have been granted the Ninth Circuit considers the following factors: "1) whether trial is imminent, 2) whether the request is opposed, 3) whether the non-moving party would be prejudiced, 4) whether the moving party was diligent in obtaining discovery within the guidelines established by the

court, 5) the foreseeability of the need for additional discovery in light of the time allowed for discovery by the district court, and 6) the likelihood that the discovery will lead to relevant evidence." *U.S. ex rel. Schumer v. Hughes Aircraft Co.*, 63 F.3d 1512, 1526 (9th Cir. 1995), vacated on other grounds, 520 U.S. 939 (1997) (quoting *Smith v. United States*, 834 F.2d 166, 169 (10th Cir.1987)).

Trial in this matter is scheduled to begin June 5, 2023. As explained above, delaying trial will cause an inconvenience to the opposing party, and Metro Auto was not diligent in obtaining a disclosure of the text messages, overlooking the matter for nearly two years over the course of this litigation. Discovery closed in this matter on August 27, 2021. Doc. 82. Most importantly, Metro Auto has not shown that discovery of additional relevant evidence is likely. Other than a reference to a hypothetical need to re-depose witnesses and depose new, unidentified witnesses, (doc. 196 at 10) Metro Auto has not explained what additional discovery is needed. Accordingly, the Motion to Reopen Discovery is denied.

### III. MOTION FOR RECONSIDERATION

Motions for reconsideration should be granted only in rare circumstances. *Defenders of Wildlife v. Browner*, 909 F. Supp. 1342, 1351 (D. Ariz. 1995). A motion for reconsideration is appropriate where the district court "(1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *School Dist. No. 1J, Multnomah County v. ACandS, Inc*., 5 F.3d 1255, 1263 (9th Cir. 1993). Such motions should not be used for the purpose of asking a court "'to rethink what the court had already thought through–rightly or wrongly.'" *Defenders of Wildlife*, 909 F. Supp. at 1351 (quoting *Above the Belt, Inc. v. Mel Bohannan Roofing, Inc*., 99 F.R.D. 99, 101 (E.D. Va. 1983)). A motion for reconsideration may not be used to repeat any argument previously made in support of or in opposition to a motion. *Motorola, Inc. v. J.B. Rodgers Mech. Contractors, Inc.*, 215 F.R.D. 581, 586 (D. Ariz. 2003). Mere disagreement with a previous order is an insufficient basis for reconsideration. *See Leong v. Hilton Hotels Corp*., 689 F. Supp. 1572, 1573 (D. Haw. 1988).

In support of its Motion for Reconsideration (doc. 207), Metro Auto advances no new arguments or facts to justify the Court reconsider its prior order. Metro Auto argues reconsideration is necessary because it needs time to review the roughly 7,100 text messages, and Metro cites a sampling of text messages to show their relevance. As explained above, certain text messages may be relevant, but Metro Auto has not met its burden to show a continuance of trial is warranted under the circumstances presented here. Because Metro merely asks the court "rethink what the court had already thought through," *Defenders of Wildlife*, 909 F. Supp at 1351, the Court denies the Motion for Reconsideration (doc. 207).

Dated this 31st day of May, 2023.

*Michael T. Morrissey*
Honorable Michael T. Morrissey
United States Magistrate Judge